IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEVEN VARGO, on behalf of himself
and other persons similarly situated,
known and unknown, and DAMIAN VASQUEZ,
CANDICE COOKE, DAVID DIENER, and
ANTHONY GUTIERREZ, Invidually,**

    **Plaintiffs,**

v.

**EVO TRANSPORTATION & ENERGY
SERVICES, INC., and EVO SERVICES
GROUP, LLC,**

    **Defendants.**

Case No.:
(Removed from New Mexico First
Judicial District Court, Case No.
D-101-CV-2024-00451)

## NOTICE OF REMOVAL

Defendants, by and through their counsel, Jackson Loman Stanford Downey & Stevens-Block, P.C. (Eric Loman and Meghan Stanford) hereby remove the above-captioned case from New Mexico's First Judicial District to this Court. Defendants' grounds for removal are as follows:

### Introduction

On February 21, 2024, Plaintiffs filed this case in New Mexico's First Judicial District Court, seeking to certify a class action against Defendants for alleged violations of the New Mexico Minimum Wage Act, N.M.S.A. § 50-4-20, *et seq.* ("MWA"). Plaintiffs allege they were truck drivers and employees of Defendants. Plaintiffs claim they were not paid overtime wages as required by the MWA for the duration of their employment.

Plaintiffs are all New Mexico residents. Defendants are related foreign companies that do not have a principal place of business in New Mexico. This amount in controversy exceeds the

jurisdictional threshold. As discussed below, this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. §1332, 1441 and 1446.[1]

**Points and Authority**

Pursuant to 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states…" The parties are completely diverse and the amount in controversy exceeds $75,000.

I.      Diversity of Citizenship

Plaintiff Vargo (referred to as "Named Plaintiff" in the Complaint) resides in Albuquerque, New Mexico. See Compl., ¶ 14. At all times relevant to this action all Plaintiffs "worked for Defendants' business in New Mexico." Id., ¶ 15. Plaintiffs allege they all "drove a dedicated daily route for Defendants that required them to work more than 40 hours each week within the State of New Mexico." Id. ¶ 26. Plaintiffs seek to certify a class including "other drivers in New Mexico … who worked… within New Mexico." Id., ¶ 38. See also, Affidavit of Jared Brown, ¶ 5, attached as Exhibit A (all named plaintiffs are New Mexico residents).

Defendant EVO Transportation & Energy Services, Inc. is a Delaware Corporation with its principal place of business in Arizona. Id., ¶ 16. Defendant EVO Services Group, LLC is a wholly owned subsidiary of EVO Transportation & Energy Services, Inc. and is organized in Delaware. Id., ¶ 17. EVO Services Group, LLC's principal place of business is in Arizona. See Ex. A, ¶ 3-4.

All Plaintiffs are residents of New Mexico. No Defendant is domiciled in New Mexico. The parties are completely diverse as contemplated by 28 U.S.C. § 1332(a)(1).

---

[1] Pursuant to 28 U.S.C. § 1446(a), all documents filed in the State Court action are attached as Exhibit B.

II.     Amount In Controversy

In addition to diversity of citizenship of the parties, the amount in controversy in a case must exceed $75,000 to invoke this Court's jurisdiction. When "removal is based on diversity of citizenship, the notice must allege that the amount in controversy exceeds $75,000. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff." *Buscema v. Wal-Mart Stores E. LP*, F.Supp.3d 1319 1328 (D.N.M. 220) (citing *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 87-89, (2014)). Plaintiffs seek damages for being underpaid in the past as well as injunctive relief that would change how Defendants pay their New Mexico-based drivers going forward. Defendants need only show either the damages or the injunction claim exceed $75,000. As discussed below, both meet this Court's jurisdictional threshold.

  a.   Plaintiffs' Damages Claims Exceed $75,000.

The Complaint does not state a total sum of damages claimed by the Plaintiffs or the potential class members. However, the Complaint provides an example of damages that will be sought for Plaintiffs and the potential class members. Plaintiff Vargo worked for Defendants as a truck driver from "approximately October 2022 through September 2023." See Compl., ¶ 18. Mr. Vargo made a base hourly wage of $28.50, plus an additional $4.70, for a total hourly wage of $33.20. *Id.*, ¶¶ 29-30. In one week in December 2022, Mr. Vargo worked a total of 54.70 hours. *Id.*, ¶ 33. Because Plaintiffs claim they were only paid their regular wage for hours in excess of forty, rather than time-and-a-half, Mr. Vargo's claimed damages for that week are (14.70 hours x $16.60/hr) $244.02.

3

During a week in June 2023, Mr. Vargo worked a total of 50.71 hours. *Id.*, ¶ 34. As such for that week, Mr. Vargo claims damages of (10.71 hours x $16.60/hr) $177.79. Even if Mr. Vargo does not claim his unpaid overtime wages from other weeks were as high as these two weeks noted in the Complaint, his claim for actual damages will quickly approach several thousand dollars considering he was employed by Defendants for approximately one year. Mr. Vargo is one of seven named Plaintiffs and seeks to certify a class of over forty similarly situated truck drivers employed by Defendants.[2] See Compl., ¶ 44. Further, in addition to their actual damages (the amount of overtime pay to which they were allegedly entitled but did not receive), Plaintiffs also seek a penalty of twice the amount of their actual damages. *Id.*, p. 9, See also, N.M.S.A. 50-4-26(C) (providing treble damages as a penalty for violation of the MWA).

As such, even if each plaintiff or potential class member claims only a few thousand dollars of actual damages, they are seeking triple that amount in statutory damages. Multiplied by at least seven and potentially more than forty claimants, the amount in controversy in this case far exceeds $75,000.

Further, Plaintiffs also seek an award of attorney's fees, as provided by the MWA. *Id.*, p. 9. A "reasonable estimate of attorneys' fees may be included in the amount-in-controversy calculation where their recovery is permitted by statute." *Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020) (citing *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)). Considering the scope of this case, the potential legal issues involved, and the general complexity of class action litigation, if Plaintiffs are ultimately successful in this case, their requested fee award alone will likely exceed $75,000.

---

[2] The Complaint identifies five Plaintiffs, but Plaintiffs' February 29, 2024, filing identified two additional plaintiffs, Brian Thorson and Jacob Soto.

4

      b.      The Cost of Plaintiffs' Claim For Injunctive Relief Exceeds $75,000.

Plaintiffs also seek "an injunction prohibiting Defendants from continuing to violate the overtime provisions of the [MWA] in how it pays current New Mexico drivers." See Compl, p. 9.

Where a collective or class of plaintiffs seek injunctive relief, the Tenth Circuit has held "the amount in controversy may be established by looking at the defendant's cost of complying with the injunction." *Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991). In that case, dozens of landowners sued a railroad company seeking monetary damages and an injunction arising from nuisance. *Id.*, 504. The lawsuit was filed in State Court and removed by the defendant. *Id.*

The Court held it did not need to determine whether plaintiffs' damages claims should be aggregated for jurisdictional purposes because defendant's cost of complying with the requested injunction exceeded the threshold amount. *Id.*

As demonstrated above, the cost of paying additional overtime wages to all New Mexico employee-drivers from the date an injunction is entered and indefinitely into the future would far exceed $75,000. See also Ex. A, ¶ 6. As such, this Court has diversity jurisdiction over Plaintiffs' claim for injunctive relief.

In *Justice*, once federal jurisdiction was established over the injunction, the Tenth Circuit allowed the district court to exercise its supplemental jurisdiction over the damages claims as well. *Id.* 504-505 (finding assuming jurisdiction over all claims in the case served the "interest of judicial efficiency"). Similarly, in this case, the Court has jurisdiction over all claims as a result of what it would cost Defendant to comply with the requested injunctive relief.

**WHEREFORE** for the reasons stated above, Defendants remove this case from New Mexico's First Judicial District to the United States District Court for the District of New Mexico.

Respectfully submitted,

**JACKSON LOMAN STANFORD
DOWNEY & STEVENS-BLOCK, P.C.**

  _/s/ by Eric Loman_
Eric Loman
Meghan Stanford
Counsel for Defendants
201 Third St. N.W., Ste. 1500
Albuquerque, NM 87102
(505) 767-0577
(505) 242-9944 (fax)
eric@jacksonlomanlaw.com
meghan@jacksonlomanlaw.com

I certify the foregoing was served on
Plaintiff's counsel of record on March 27, 2024.

  _/s/ by Eric Loman_
Eric Loman