IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN VARGO, on behalf of himself and
other persons similarly situated, known and unknown,
DAMIAN VASQUEZ, CANDICE COOKE,
DAVID DIENER, and ANTHONY GUTIERREZ,
individually,

        Plaintiffs,

vs.                                                                                             1:24-cv-00301-JMR-LF

EVO TRANSPORTATION & ENERGY
SERVICES, INC. and
EVO SERVICE GROUP, LLC,

        Defendants.

## ORDER FOR RULE 7.1 DISCLOSURE

THIS MATTER is before the court *sua sponte* for jurisdictional purposes. Defendants removed this case from the First Judicial District Court of the State of New Mexico based on diversity jurisdiction.  Doc. 1.  Defendants' notice of removal identifies defendant EVO Services Group, LLC as "a wholly owned subsidiary of EVO Transportation & Energy Services, Inc. . . . organized in Delaware [and with a] principal place of business in Arizona." *Id*. at 2.  The information provided in defendants' notice is insufficient to confirm the diversity of citizenship necessary to establish jurisdiction under 28 U.S.C. § 1332(a).

"Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)) (other citations omitted); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is determined by considering all of the entity's 'members'").  The relevant time period for determining the

existence of complete diversity is the time of the filing of the complaint and the time of removal. *See Siloam Springs Hotel*, 781 F.3d at 1239; *see also Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) ("When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court.").

Accordingly, within 21 days of the date of this order, defendants shall file a response stating the citizenship, as of the time that the action was commenced in state court and at the time of removal, of all of the members of defendant EVO Service Group, LLC. Defendants must identify the name and domicile of each individual member of the unincorporated association and identify the State of incorporation and principal place of business of each corporate member. *See Siloam Springs*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."); 28 U.S.C.A. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). If any of EVO Service Group's limited partners are LLCs, defendants also must identify the citizenship of each member of the member LLC.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge