### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

STEVEN VARGO, et al., on behalf of
themselves and all others similarly situated,

        **Plaintiffs,**                            **Case No. 1:24-cv-00301 DHU-LF**

v.

**EVO TRANSPORTATION & ENERGY
SERVICES, INC. and EVO SERVICES
GROUP, LLC,**

        **Defendants.**

### PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY AND REQUEST FOR DISCOVERY SANCTIONS

Defendants blatantly violated an explicit order from the Court. After Plaintiffs filed a motion to compel, the Court ordered Defendants to provide amended responses to four of Plaintiffs' interrogatories. Defendants refused to do so. This forced Plaintiffs to file a *second* motion to compel, which is now before the Court. In their brief in opposition to the second motion, Defendants provide no compelling explanation for their clear disregard of the Court's prior order. This type of litigation misconduct cannot go unanswered. Discovery is not optional, and neither are court orders. The Court should compel Defendants to comply with its prior order by amending its interrogatory responses, and the Court should also impose discovery sanctions on Defendants.

## I.    BACKGROUND

This suit is a putative class action. (Dkt. 1-3 ¶ 43). Plaintiffs seek to represent all New Mexico truck drivers from whom Defendants—their former employers—unlawfully withheld overtime wages. (*Id.*). Plaintiffs, accordingly, sought discovery covering all Defendants' New Mexico drivers. Defendants resisted, choosing initially to provide discovery responses covering only drivers who worked under a particular U.S. Postal Service ("USPS") Contract (Contract No.

1

274Y3) even though many putative class members worked under a different USPS Contract (Contract No. 793L7).  (*Compare* Dkt. 63-4 at 3–4, *with* Dkt. 63-6 at 3).

As a result, Plaintiffs moved to compel Defendants to supplement their interrogatory responses with information concerning Contract 793L7.  (Dkt. 63).  On June 12, 2025, the Court granted this request.  (Dkt. 74).  It stated as follows in its order: "defendants must supplement their responses to . . . Interrogatories 15 to 21 with . . . information concerning all drivers who drove under USPS Contract 793L7 by July 14, 2025."  (*Id.* at 2–3).

Defendants did not comply.  Specifically: they did not provide supplemental responses to Interrogatories 18 to 21 by the July 14, 2025 deadline (nor have they provided supplemental responses since then).  Plaintiffs raised this issue with Defendants and asked them to supplement their interrogatory responses consistent with the Court's order.  (Dkt. 76-1; Dkt. 76-2).  Defendants refused to do so.  (*Id.*).  This forced Plaintiffs to file the second motion to compel that is presently before the Court.  (Dkt. 76).

II.     **ARGUMENT**

The Court should grant Plaintiffs' second motion to compel.  It should order Defendants to amend their responses to Interrogatories 18 through 21.  And it should impose discovery sanctions on Defendants for ignoring the Court's prior order.

A.     **The Court should compel Defendants to provide amended answers to Interrogatories 18 through 21, consistent with the Court's prior order.**

The Court should compel Defendants to provide amended responses to Interrogatories 18 through 21.  Those interrogatories requested information concerning all Defendants' New Mexico drivers.  (Dkt. 63-4 at 3–7).  Defendants explicitly "limited" their answers to apply only to the "group of drivers" who "drove a specific route: Albuquerque to Vega, Texas and back, on USPS Contract 274Y3."  (*E.g.*, Dkt. 63-4 at 3–4).  As explained above: this was improper because

Defendants employed other drivers who drove other routes under another USPS contract: Contract 793L7. (Dkt. 63-6 at 3 (statement from Defendants that "[t]he first of [their] two contracts with the USPS that required travel through New Mexico (Contract No. 793L7) began June 1, 2021")). That is why the Court explicitly ordered Defendants to supplement their answers to Interrogatories 18 through 21 with "information concerning all drivers who drove under USPS Contract 793L7." (Dkt. 74 at 1–2). Defendants declined to do so. The Court should require them to do so now.

Defendants have no persuasive counterargument, and they provide no compelling explanation for their refusal to comply with the Court's prior order. Defendants claim that their answers to some of the interrogatories are "the same without regard to which of [the] USPS contracts is at issue." (Dkt. 77 at 1). But Defendants' current interrogatory answers *do not say that*. As discussed, those answers explicitly state that they are *limited* to USPS Contract 274Y3. *Supra* Part I. If the answers apply to Contract 793L7 as well, Defendants must revise the answers to state as much, as the Court instructed them to do.

Defendants also assert that recent Rule 30(b)(6) testimony has provided some of the information requested by Plaintiffs' interrogatories. (Dkt. 77 at 1–3). That is irrelevant. A party served with interrogatories cannot "'pick and choose' which of the interrogatories to answer." *Callahan v. Albuquerque Tech. Vocational Inst.*, No. 97-cv-1213, 2001 WL 37125200, at *2 (D.N.M. Apr. 25, 2001). Nor can a party "pick and choose when to comply with a *court order* depending on counsel's unilaterally determined excuses or justifications not to comply with the order." *Moore v. Chertoff*, 255 F.R.D. 10, 34 (D.D.C. 2008), *objections overruled sub nom. Moore v. Napolitano*, 723 F. Supp. 2d 167 (D.D.C. 2010) (emphasis added). The Court ordered Defendants to supplement their interrogatory responses; it did not order them to provide deposition

testimony partially responsive to the interrogatories. Defendants had a legal obligation to fully answer the at-issue interrogatories, and they failed to satisfy that obligation.

Even if Defendants *could* substitute Rule 30(b)(6) testimony in for interrogatory responses, there is no indication that Defendants' Rule 30(b)(6) testimony has provided all information available to Defendants that was requested in the interrogatories. Rule 30(b)(6) deponents must testify to company knowledge of designated topics. *See City of Las Cruces v. United States*, No. 17-cv-809, 2021 WL 330062, at *17 (D.N.M. Feb. 1, 2021), *objections overruled*, No. 17-cv-809, 2021 WL 1890132 (D.N.M. May 11, 2021). So, they must make a "good faith effort to educate [themselves] on all the information reasonably available to the corporation" concerning those topics. *Id.* Defendants clearly did not prepare their witnesses to testify in that manner. The first Rule 30(b)(6) witness that Defendants produced stated that he had done *nothing* to learn company knowledge about *any* of the topics for which he was designated.[1] Ex. 1, Deposition of Clifford Finkle (Aug. 7, 2025), Tr. at 74:21–78:6. Thus, the Rule 30(b)(6) testimony provided in this case is not a substitute for interrogatory answers. Instead, it indicates that Plaintiffs *must* receive full interrogatory responses to learn all company knowledge responsive to their interrogatories.

Lastly, Defendants state the following with respect to Interrogatory 18, which requested information about individuals with authority to hire, fire, and promote putative class members:

> EVO's District Manager John Miller (who was later promoted to Director of Operations) and Senior Vice President for Human Resources Jared Brown had the same authority to hire, fire, discipline, and/or promote those who drove on the 793L7 contract as they had over those who drove on the 274Y3 contract. That information was provided in EVO's original response to Plaintiffs' Third Set of Interrogatories.

---

[1] This was despite the fact that, according to the witness, other people at the company had more "granular" knowledge about some of the topics for which he was designated than he did. Ex. 1, Deposition of Clifford Finkle (Aug. 7, 2025), Tr. at 83:11–20. Unsurprisingly, then, he was unable to answer many of Plaintiffs' questions about those topics during his deposition. *E.g.*, *id.* at 25:5–9, 33:12–25, 34:20–23, 39:15–20, 41:25–42:19, 45:1–7, 61:11–23 (testifying to lack of knowledge).

(Dkt. 77 at 3). That is false. Defendants did not provide the above information with respect to Contract 793L7 in their original answer to Interrogatory 18. They limited their answer to Interrogatory 18 to cover only Contract 27473. (Dkt. 77-1 at 2–3 (stating that Defendants' "answer to this interrogatory is limited to th[e] group of drivers" who worked "on USPS Contract 274Y3")). Because Defendants refused to amend this response, and the responses to the other above-discussed interrogatories, the Court should require them to amend those responses now.

**B.      The Court should impose discovery sanctions on Defendants for failing to comply with the Court's prior order.**

The Court should also impose discovery sanctions on Defendants. Defendants oppose Plaintiffs' sanctions request by arguing their discovery misconduct caused no prejudice to Plaintiffs. (Dkt. 77 at 3–4). This argument is legally irrelevant and factually false.

To start: under the law, it does not matter whether Defendants' discovery misconduct prejudiced Plaintiffs. Rule 37(b) governs Plaintiffs' sanctions request. *Applied Cap., Inc. v. Gibson*, No. 05-cv-00098, 2006 WL 4079616, at *3 (D.N.M. Nov. 27, 2006) ("Rule 37(b) provides that sanctions are available against a party who fails to obey a court order issued pursuant to a motion to compel filed under rule 37(a)."). That rule requires sanctions whenever a party "fails to obey" an order compelling discovery responses. Fed. R. Civ. P. 37(b)(2) (stating that if a party "fails to obey" an order compelling discovery, then "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust") (emphasis added). The rule does not require any party to suffer prejudice before a court imposes sanctions, which Defendants readily admit. (Resp. at 3 (stating that "Plaintiffs are not required to show prejudice in order to justify the imposition of sanctions")). So, Defendants' "prejudice" argument is irrelevant.

5

Regardless, Defendants' discovery misconduct *has* caused Plaintiffs prejudice. The Court ordered Defendants to produce supplemental interrogatory responses by July 14, 2025—before Plaintiffs deposed Defendants' Rule 30(b)(6) witnesses. By refusing to comply with this order, Defendants prevented Plaintiffs from preparing for the Rule 30(b)(6) depositions with the benefit of Defendants' full interrogatory responses. And, of course, Defendants prevented Plaintiffs from questioning their witnesses about Defendants' full interrogatory responses (because Defendants had not—and still have not—provided those responses).

Plaintiffs also suffered other forms of prejudice. Prejudice is present where a defendant's discovery misconduct "caused Plaintiffs to unnecessarily expend time and resources." *Martinez v. CorrHealth, Pro. Ltd. Liab. Co.*, 771 F. Supp. 3d 1183, 1202 (D.N.M. 2025). Plaintiffs initially sought full responses to Interrogatories 18 through 21 *five months ago*, on April 1, 2025. (Dkt. 63-5 at 5). They attempted to confer with Defendants about the interrogatories, and Defendants ignored Plaintiffs' request for a response on the topic in four separate emails that Plaintiffs sent. (*Id.* at 2–3). After these extensive attempts to confer with Defendants failed, Plaintiffs filed their first motion to compel. (Dkt. 63). Then, after receiving a favorable ruling, and after Defendants refused to comply with that ruling, Plaintiffs *again* attempted to confer with Defendants. (Dkt. 76-1; Dkt. 76-2). And Defendants *again* stonewalled those efforts, forcing Plaintiffs to file a *second* motion to compel. (*Id.*; Dkt. 76). All in all, Plaintiffs have expended significant time and effort attempting to confer with regard to Defendants' discovery deficiencies and briefing two separate motions to compel. They have suffered prejudice.

A final note: the Court need not rule, at this time, on Defendants' proposal that the Court award a reduced "percentage" of Plaintiffs' fees as sanctions. (Dkt. 77 at 4). If the Court finds

6

sanctions warranted, Defendants may raise that argument in response to the resulting fees motion that Plaintiffs will file.

## III.    CONCLUSION

For the foregoing reasons, the Court should (1) grant Plaintiffs' second motion to compel, (2) find that discovery sanctions against Defendants are warranted in the form of attorneys' fees, and (3) set a deadline by which Plaintiffs may file a motion proposing the amount of, and seeking and order granting, those fees.

Dated: August 29, 2025

Respectfully submitted,

*/s/ John J. Frawley*
One of Plaintiffs' Attorneys

Douglas M. Werman
John J. Frawley
Anne Kramer
**WERMAN SALAS P.C.**
77 W. Washington, Suite 1402
Chicago, Il 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com
jfrawley@flsalaw.com
akramer@flsalaw.com

Justin R. Kaufman
Philip M. Kovnat
**DURHAM, PITTARD & SPALDING, LLP**
505 Cerrillos Road, Suite A209
Santa Fe, NM  87501
Telephone: (505) 986-0600
jkaufman@dpslawgroup.com
pkovnat@dpslawgroup.com

***Attorneys for Plaintiffs***

7