IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN VARGO et al.,

    Plaintiffs,

v.                                                           No. 1:24-cv-00301-SMD-LF

EVO TRANSPORTATION & ENERGY
SERVICES, INC. et al.,

    Defendants.

## ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

THIS MATTER is before the Court on Defendants' Motion to Withdraw as Counsel (Doc. 93). The Local Rules of Civil Procedure for the District of New Mexico ("Local Rules") impose requirements for a motion to withdraw. *See* D.N.M.LR-Civ. 83.8. Notably, the rules require the moving attorney to "file and serve on all parties, including the client, a motion to withdraw" and to "give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion." D.N.M.LR-Civ 83.8(b). Further, when the attorney moving to withdraw represents a corporation, partnership, or business entity other than a natural person, the motion "must include a notice that the corporation, partnership or business entity other than a natural person can appear only with an attorney." D.N.M.LR-Civ. 83.8(c).

Defendants' motion to withdraw is deficient in all of these requirements. There is no indication that the motion was served on Defense Counsel's clients, nor is there notice that any objections must be served and filed within fourteen days of the date the motion is served.[1] *See*

---

[1] The motion does include a Certificate of Service indicating that the motion's electronic filing "caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing." Doc. 93 at 4. The Notice of Electronic Filing reflects that

D.N.M.LR-Civ. 83.8(b).  The motion also provides no notice that Defendants, as business entities, can only appear in this case with an attorney.  *See* D.N.M.LR-Civ. 83.8(c).

IS THEREFORE ORDERED that Defendants' Motion to Withdraw as Counsel is DENIED without prejudice for failure to comply with the Local Rules.  Defendants may, within fourteen days of the date of this order, file a motion that meets the requirements of Local Rule 83.8.  Should Defendants file that motion, Plaintiffs will have fourteen days of the date of service to file a response.  *See* D.N.M.LR-Civ 7.4(a).[2]

_____
Laura Fashing
United States Magistrate Judge

---

the motion was only electronically served on the attorneys of record and not the Defendants directly.

[2] Plaintiffs filed a response to Defendants' motion on November 5, 2025 (Doc. 96).  Should Defendants file a new motion in compliance with Local Rule 83.8, Plaintiffs will need to file a new response if they contest the motion.