IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN VARGO et al.,

    Plaintiffs,

v.                                                                          No. 1:24-cv-00301-SMD-LF

EVO TRANSPORTATION & ENERGY
SERVICES, INC. et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on its October 6, 2025, order to show cause (Doc. 86) and on Plaintiffs' affidavit for attorney's fees (Doc. 117).  Having reviewed the parties' briefings, the law, and otherwise being fully advised, the Court quashes its order to show cause and orders Defendants' counsel to pay Plaintiffs $5,780 in reasonable expenses that Plaintiffs incurred litigating their second motion to compel discovery responses.

### BACKGROUND

This case is a putative class action removed from New Mexico state court on March 27, 2024, under this Court's diversity jurisdiction.  *See* Doc. 1.  Plaintiffs are New Mexico truck drivers who allege that the defendants, EVO Transportation and Energy Services, Inc. and EVO Services Group, LLC (collectively, "EVO"), failed to pay them overtime wages in violation of the New Mexico Minimum Wage Act.  Doc. 1 at 1–2.

On April 11, 2025, Plaintiffs filed a motion to compel discovery responses.  Doc. 63.  On June 12, 2025, the Court granted the motion in part and denied the motion in part, and required EVO to supplement its responses to certain interrogatories and requests for production no later

than July 14, 2025.  Doc. 74 at 1–2.  On August 4, 2025, Plaintiffs filed a second motion to compel, alleging that Defendants only supplemented their responses to three of the interrogatories but not others.  Doc. 76 ¶ 7.  On September 23, 2025, after briefing and a hearing, the Court granted the second motion to compel and found that EVO had disobeyed the June 12, 2025, discovery order.  Doc. 83.  The Court again ordered Defendants to supplement their responses to the interrogatories no later than September 30, 2025, and set a deadline for Plaintiffs to file an affidavit of the reasonable expenses they incurred in filing their second motion to compel.  *Id.* at 1–2.

EVO did not supplement its responses by the September 30 deadline, and the Court ordered EVO to show cause no later than October 27, 2025, as to why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 37(b)(2).  Doc. 86 at 1.  The Court also stayed Plaintiffs' deadline to file their affidavit of reasonable expenses until after Plaintiffs received EVO's supplemental interrogatory responses.  Doc. 88.  On October 27, 2025, EVO filed its response to the show cause order.  Doc. 91.  On November 3, 2025, Plaintiffs received Defendants' verified supplemental interrogatory responses.  Doc. 95 at 1.  On December 18, 2025, the Court reset the deadline for Plaintiffs to file their affidavit of reasonable expenses, Doc. 116 at 2, and Plaintiffs timely filed their affidavit on January 9, 2026, *see* Doc. 117.  EVO timely filed a response to the affidavit on January 30, 2026, *see* Doc. 118, and Plaintiffs timely filed a reply on February 13, 2026, *see* Doc. 119.

## ANALYSIS

I.    **The Court orders EVO's counsel to pay Plaintiffs' reasonable expenses resulting from the failure to comply with the Court's June 12, 2025, discovery order.**

Federal Rule of Civil Procedure 37(b) governs the imposition of sanctions on a party found to have disobeyed a court's discovery order.  *See* FED. R. CIV. P. 37(b).  While the rule

grants courts discretion as to what sanctions may be imposed, at a minimum, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2)(C). Substantial justification within the meaning of Rule 37 is "a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action" and connotes justification "to a degree that could satisfy a reasonable person."  *Lester v. City of Lafayette*, 639 F. App'x 538, 542 (10th Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

EVO argues that its failure to supplement its interrogatory responses was substantially justified because EVO's counsel struggled to get in contact with EVO in September 2025 and learned near the end of the month that EVO's general counsel had left the company.  Doc. 118 at 2.  EVO's counsel was further informed of a new point of contact at EVO who was unfamiliar with the facts and unable to verify the supplemental interrogatory responses.  *Id.*  EVO's counsel further learned that EVO's prior discovery responses regarding its corporate structure may not have been accurate, and EVO's counsel promptly notified Plaintiffs' counsel to alert them to these issues.  *Id.*  EVO argues it was unable to verify its supplemental responses, and EVO's counsel thus "made the choice not to serve the draft supplementation, but instead to inform opposing counsel and the Court of the upheaval at EVO."  *Id.*  EVO argues that this was a reasonable choice given the circumstances, and that its failure to provide the supplemental responses by the September 30, 2025, deadline was justified to the point of satisfying a reasonable person.  *Id.*

Plaintiffs argue that these above justifications are irrelevant to their fee affidavit because circumstances that occurred in September do not explain EVO's failure to meet the initial July

deadline that necessitated the second motion to compel.  Doc. 119 at 4.  The Court agrees with Plaintiffs.  The Court ordered Plaintiffs to submit the pending fee affidavit because of EVO's "failure to follow the Court's June 12, 2025, order."  Doc. 83 at 2.  The expenses listed in Plaintiffs' fee affidavit involve only their counsels' time on the motion and hearing regarding EVO's failure to meet the July 14, 2025, deadline.  Doc. 117 at 10–11.  EVO provides no explanation as to why its failure to comply with the June 12, 2025, order was substantially justified; rather, the circumstances that EVO raises occurred in September 2025, well after the July deadline.  The second, September deadline was set only after the Court found that EVO violated the June order, Doc. 83 at 1, and EVO still failed to comply with this second order, Doc. 86 at 1.  EVO's explanation at most addresses its failure to comply with the second order but does nothing to explain its failure to comply with the first.  The Court therefore orders reasonable expenses pursuant to Rule 37(b)(2)(C).

The Court will order EVO's counsel to pay those expenses.  Attorneys have an obligation to ensure that their clients comply with discovery obligations and court orders.  *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015).  Counsel are further responsible for attempting in good faith to resolve discovery disputes amongst themselves before bringing them to the Court's attention.  Doc. 14 at 3–4 (scheduling order requiring a "reasonable effort to confer" regarding discovery disputes); FED. R. CIV. P. 37(a)(1).  After the July 14, 2025, deadline had passed, Plaintiffs' counsel alerted EVO's counsel that EVO's supplemental responses did not comply with the Court's June order.  Doc. 76 ¶¶ 8–9.  EVO's counsel responded merely:  "We have already provided our supplemental responses.  There is no more to say."  *Id.* ¶¶ 9–11; Doc. 76-1 at 2.  There is no indication that EVO's counsel attempted at all to resolve the issue with Plaintiffs' counsel and avoid court intervention; on the contrary, EVO's counsel appeared to

4

summarily reject Plaintiffs' counsel's conferral attempt. The second motion to compel, many related filings, and a hearing resulted. *See* Docs. 76–80, 82–83, 85–88, 91–92, 94–95, 116–20. The Court and both parties have expended considerable time and resources resolving an issue that easily could have been resolved between the parties.

## II.    The Court quashes its October 6, 2025, order to show cause.

After EVO failed to supplement its interrogatory responses by the second, September 30, 2025, deadline, the Court issued an order on October 6, 2025, that required EVO to "provide the Court with a written explanation showing good cause why they should not be sanctioned under FED. R. CIV. P. 37(b)(2)." Doc. 86 at 1. Rule 37(b)(2) provides that the Court "may issue further just orders," including sanctions, to address a party's failure to obey a discovery order. *See* FED. R. CIV. P. 37(b)(2)(A). And, as explained above, "[i]nstead of or in addition to [those orders], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses" resulting from their failure to comply with the order. FED. R. CIV. P. 37(b)(2)(C).

EVO timely filed a response on October 27, 2025. Doc. 91. One of EVO's attorneys explains that even though EVO's response to one of the interrogatories was verified by EVO's vice president for human resources, her review of subsequent deposition testimony revealed that the response was incorrect. *Id.* ¶¶ 3–4. Counsel describes her attempts to contact an EVO official and states that she received no response. *Id.* ¶ 5. On September 26, counsel learned that her primary contact at EVO had left the company, and she was advised to communicate with a new point of contact. *Id.* ¶ 6. Counsel describes working through the following weekend but not receiving confirmation from EVO of the supplemental discovery responses. *Id.* ¶ 8. Counsel then informed Plaintiffs' counsel of the new developments and requested a status conference

with the Court. *Id.* ¶ 9. EVO finally served its verified, supplemental discovery responses on Plaintiffs on November 3, 2025. Doc. 95 at 1.

The Court takes seriously the considerable delay that resulted from EVO's failure to timely supplement its discovery responses, and that EVO missed two court-ordered deadlines before finally providing those responses. Nonetheless, EVO's counsel did promptly inform both Plaintiffs' counsel and the Court that EVO's prior discovery response was incorrect and did appear to work in good faith to address this deficiency. EVO's responses have—over a month after the second deadline—finally been supplemented. While EVO has again offered no explanation for its failure to meet the first, June deadline, its failure to meet the second, September deadline appears to be a result of the underlying turmoil at EVO and a breakdown in communication between EVO and its counsel. The Court therefore will quash its order to show cause and not impose sanctions pursuant to Rule 37(b)(2)(A).

The Court also will not order expenses pursuant to Rule 37(b)(2)(C) related to EVO's failure to comply with the Court's second deadline. On October 10, 2026, Plaintiffs requested that the Court stay the deadline for them to file their affidavit of reasonable expenses until EVO supplemented its interrogatory responses because it was unclear if Plaintiffs would need "to expend additional efforts to obtain the supplemental responses." Doc. 87 at 2. The Court granted the motion. Doc. 88. When Plaintiffs filed their affidavit, it was limited to the expenses they incurred up to and including the September 23, 2025, hearing; it does not contain expenses incurred after the Court's September 30, 2025, deadline. Doc. 117 at 10–11.

## III.   The Court orders EVO's counsel to pay $5,780.00 in reasonable expenses.

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this

lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* Counsel for the party claiming the fees has the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249–50 (10th Cir. 1998). The Court must examine the records to determine whether specific tasks are properly chargeable and if the hours expended on each chargeable task are reasonable. *Id.* at 1250. "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotations omitted). Moreover, the hourly rates requested by counsel must reflect the prevailing market rates in the community. *Id.* In awarding fees, the district court should "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

EVO argues that the Court should apply New Mexico state law to determine whether an award of fees is appropriate and, if so, how that award should be calculated. Doc. 118 at 2–3. EVO cites the Tenth Circuit Court of Appeals' decision in *Chieftan Royalty Co. v. Enervest Energy Institutional Fund XII-A, L.P.*, which held that state law governs certain awards of attorney's fees in diversity cases. *Id.* (quoting 888 F.3d 455, 461 (10th Cir. 2018)). However, the Tenth Circuit distinguished between "substantive fees," which are tied to the litigation's outcome, and "procedural fees," which are related to a litigant's bad faith conduct. *Chieftan Royalty Co.*, 888 F.3d at 460. "[A]n attorney-fee award against bad-faith conduct in the litigation has nothing to do with the nature of the cause of action and does not derive in any way from state substantive law." *Id.* The Tenth Circuit found that state law controlled the fees in that case

because the "award was based on the outcome of the litigation [and] not the district court's power to discipline the litigants." *Id.* at 462. Here, there is not yet an outcome to this litigation; the Court is awarding fees pursuant to its authority under Rule 37 to discipline litigants for failing to comply with a discovery order. *Cf. Imming v. De La Vega*, No. 2:23-cv-00378-GJF-DLM, 2025 WL 3688127, at \*6 n.3 (D.N.M. Dec. 19, 2025) (excising from a substantive fee award fees related to a motion to compel because the plaintiff had "already sought and received fees from [the court] pursuant to Rule 37"). State law therefore does not control the analysis here.

Plaintiffs' counsel request a blended rate of $650 per hour for 13.6 hours of work ($8,840 total) resulting from EVO's failure to comply with the Court's June order. Doc. 117 at 12–14. The Court first will evaluate whether the claimed hours are reasonable before turning to what rate is reasonable for those hours.

A. <u>Plaintiffs reasonably expended 13.6 hours litigating their second motion to compel</u>.

The first step in calculating the lodestar is determining the number of hours reasonably spent by the attorneys for the party seeking fees. *Case*, 157 F.3d at 1250. The attorneys for the party claiming fees have the burden of proving the hours to the court "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* The court may reduce the reasonable number of hours "if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id.* (quoting *Jane L.*, 61 F.3d at 1510).

Plaintiffs' counsel provide contemporaneous time entries for three attorneys: John Frawley, Anne Kramer, and Douglas Werman. Doc. 117 at 10–11. The entries are taken from

the law firm's case management platform, which includes brief descriptions of the work associated with each time entry.  *Id.* at 10.  EVO did not object to the time entries as imprecise, and the Court finds that the entries adequately document how the attorneys used their time.

After a court has adequate time records before it, the court must ensure the attorneys have exercised "billing judgment" by "winnowing the hours actually expended down to the hours reasonably expended.  Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *Case*, 157 F.3d at 1250 (citation omitted).  While a lead counsel's review of the hours requested "does not insulate those hours from this Court's independent review, that fact is nevertheless persuasive."  *United States ex rel. Baker v. Cmty. Health Sys., Inc.*, No. 1:05-cv-00279-WJ-ACT, 2013 WL 10914086, at *13 (D.N.M. Aug. 9, 2013).

Plaintiffs' counsel have requested a total of 13.6 hours for work litigating the second motion to compel.  Mr. Frawley billed 10 hours researching and drafting the motion to compel and the reply brief and billed 0.5 hours preparing Ms. Kramer for the motion hearing.  Doc. 117 at 10–11.  Ms. Kramer billed 1.6 hours preparing for the motion hearing and 0.7 hours appearing at the hearing.  *Id.* at 11.  Mr. Werman billed 0.1 hours preparing for the motion hearing and 0.7 hours appearing at the hearing.  *Id.*  Plaintiffs' lead counsel, Mr. Werman, states that he has reviewed the time entries and has "removed all staff time and duplicate time entries."  *Id.* at 10.  Plaintiffs' counsel also states that the affidavit "does not include the time spent by professional staff related to" the second motion to compel.  *Id.* at 11; *cf. Case*, 157 F.3d at 1249 (services provided by non-lawyers may be requested as part of a fee award).  Further, the affidavit does not include time spent drafting the fee petition and reply to EVO's opposition.  *Cf. Case*, 157 F.3d at 1254 ("An award of reasonable attorneys' fees may include compensation for work

9

performed in preparing and presenting the fee application.") (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).

The Court finds that Plaintiffs' counsel have demonstrated billing judgment in their requested fees. The descriptions associated with each time entry describe tasks directly related to litigating the second motion to compel, such as researching and drafting the motion and preparing for and appearing at the motion hearing. *See* Doc. 117 at 10–11. Plaintiffs' lead counsel, Mr. Werman, stated that he reviewed the time entries and removed duplicate and staff entries. Doc. 117 at 10. While Mr. Werman's review of the requested hours does not substitute the Court's own assessment, it is nonetheless persuasive. *See U.S. ex rel. Baker*, 2013 WL 10914086, at *13. Further, Plaintiffs' counsel did not include time expended by support staff and time spent preparing the fee affidavit and associated reply brief. *See Case*, 157 F.3d at 1249, 1254.

Once a court has examined whether counsel have demonstrated billing judgment, the court determines whether the hours spent on each task are reasonable. *Case*, 157 F.3d at 1250. What is reasonable may "depend upon facts such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)). Courts also consider "the potential duplication of services" when determining the reasonableness of hours requested. *Ramos*, 713 F.2d at 554 ("If three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time.") (citation modified)). There is no "automatic reduction of reported hours to adjust for multiple representation or potential duplication," but "the presence of more than one lawyer at depositions and hearings must be justified to the court." *Id.* at 554 & n.4. "The court can look to how many lawyers the other side

10

utilized in similar situations as an indication of the effort required." *Case*, 157 F.3d at 1250

(quoting *Ramos*, 713 F.2d at 554).

EVO's sole objection to the number of hours requested in the affidavit is that the 0.8

hours billed by Mr. Werman is duplicative of the time billed by Ms. Kramer, because "Mr.

Werman did not argue the Motion or otherwise speak at the hearing, other than to introduce

himself." Doc. 118 at 4.  Plaintiffs argue that Mr. Werman's preparation and presence was

reasonable because he is lead counsel on the case, the case involves complex issues and

significant maneuvering by EVO regarding its discovery responses, and EVO has been

represented by two attorneys at past hearings.  Doc. 119 at 6–8.  Plaintiffs further argue that

having two attorneys of different levels of experience present at the hearing is part "of the

layered and progressive process inherent in legal representation and building a case."  Doc. 119

at 7 (quoting *United States ex rel. Baker*, 2013 WL 10914086, at *15).

The Court agrees with Plaintiffs that, under these circumstances, it was not duplicative

for Mr. Werman, Plaintiffs' lead counsel and a partner of his law firm, to bill less than an hour for

his appearance at the hearing with his associate attorney, Ms. Kramer.  Other judges in this

District have found the supervision of an associate attorney by a partner to be thorough rather

than duplicative.  *See United States ex rel. Baker*, 2013 WL 10914086, at *15; *see also Pruess v.*

*Presbyterian Health Plan, Inc.*, No. 1:19-cv-00629-DHU-JFR, 2022 WL 796370, at *6–*7

(D.N.M. Mar. 16, 2022) (finding some overlap in attorney efforts related to a motion to compel

reasonable).  And while only one attorney appeared for EVO at the motion hearing, two

attorneys have appeared for EVO at other hearings.  Docs. 85, 115; *see Case*, 157 F.3d at 1250

(allowing courts to consider how many attorneys have appeared for the opposing party at similar

hearings).  The Court therefore declines to reduce the 0.8 hours that Mr. Werman billed.  EVO

did not object to the remaining 12.7 hours that Mr. Frawley and Ms. Kramer billed for drafting the motion and appearing at the motion hearing. *See* Doc. 118 at 2–5.

The Court therefore finds 13.6 hours reasonable for researching, drafting, and arguing a motion to compel and reply brief. *See Hall v. SelectQuote Ins. Servs.*, No. 2:20-cv-00450-MV-GJF, 2021 WL 214693, at *4 (D.N.M. Jan. 21, 2021) (finding 13.0 hours reasonable in connection to a motion to compel); *Long v. E.N.M. Univ. Bd. of Regents*, No. 2:13-cv-00380-RB-SMV, 2014 WL 12787911, at *3 (D.N.M. Sep. 17, 2024) (finding 20.75 hours reasonable in connection to a second motion to compel); *Mbaba v. JP Morgan Chase Bank, N.A.*, No. 1:23-cv-00872-SMD-SCY, 2025 WL 266659, at *1 (D.N.M. Jan. 22, 2025) (finding 21.6 hours reasonable); *Pruess*, 2022 WL 796370, at *8 (finding 77.5 hours reasonable). Having found Plaintiffs' requested hours to be adequately supported by time records, properly winnowed pursuant to billing judgment, and otherwise reasonable, the Court concludes that Plaintiffs reasonably expended 13.6 hours in litigating their second motion to compel.

B. <u>A blended rate of $425 per hour is reasonable.</u>

Hourly rates "charged by attorneys are deemed reasonable when they reflect what lawyers with reasonably comparable skill, experience and reputation in the community, practicing in the area in which the litigation occurs, would charge for their time." *Pruess*, 2022 WL 796370, at *8 (citing *Lippoldt v. Cole*, 468 F.3d 1204, 1224–25 (10th Cir. 2006); *Ramos*, 713 F.2d at 555). Plaintiffs here "bear the burden of establishing that their requested rates either align with the local market rate" for similar litigation, "usually by providing the court with their own affidavits and timekeeping records, as well as with affidavits of local attorneys who practice in the same field." *Id.* at *9. If the court does not possess "adequate evidence to determine the prevailing market rate, it may use other factors, including its own knowledge, to establish the

rate." *Id.* (quoting *Case*, 157 F.3d at 1257).  "Absent more unusual circumstances . . . the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Ramos*, 713 F.2d at 555.

Mr. Werman and Mr. Frawley practice in Chicago, Illinois, and Ms. Kramer practices outside of Boston, Massachusetts.  Doc. 117 at 13.  Mr. Werman bills $1,141 per hour, Ms. Kramer $839 per hour, and Mr. Frawley $581 per hour, which Mr. Werman asserts "reflect[s] the prevailing market rates in Chicago, Illinois and Boston, Massachusetts for lawyers of [their] experience, accomplishments, and the complexity of the matters [their] firm routinely handles."  Doc. 117 at 12.  However, Plaintiffs' counsel request "a blended reduced rate of $650 per hour" for purposes of their fee affidavit.  *Id.* at 12–13.  Plaintiffs' counsel do not provide evidence of applicable market rates in New Mexico.  EVO argues the requested rate should be reduced, because the skill needed to litigate a motion to compel is minimal and the requested rate is "well in excess of the fee customarily charged in Albuquerque for similar legal services."  Doc. 118 at 3–4 (citing cases with reasonable rates ranging from $300 to $400 per hour).  Plaintiffs' counsel reply that the $650 per hour rate is justified by their expertise and national reputation, the procedural and substantive complexities of this case, and the lack of comparable local attorneys.  Doc. 119 at 8–12.

Another judge in this District previously has exercised his discretion in setting a reasonable hourly rate for attorneys from Plaintiffs' counsel's law firm in relation to a motion to compel in a complex, wage-hour case.  *See Pruess*, 2022 WL 796370.  In *Pruess*, the court observed that the requested "[h]ourly rates of $450 and $600 [per hour] are higher than what is typically seen by this Court" but recognized that a wage-hour class action "is uniquely complex and demanding of specialized counsel."  *Id.* at \*10.  The *Pruess* court found a blended rate of

$425 per hour reasonable, "considering the attorneys' expertise in wage-hour complex, class action matters, the complex nature of this case, and the fact that attorney fees are generally lower in New Mexico than in surrounding areas." *Id.* at *11. The Court sees no reason to depart from the *Pruess* court's well-reasoned analysis of a reasonable blended rate for attorneys from Plaintiffs' counsel's law firm in a similar wage-hour suit. The Court accordingly exercises its discretion to reduce the requested blended rate from $650 per hour to $425 per hour. This rate still is higher than rates found reasonable for litigating motions to compel in this District. *See Mbaba*, 2025 WL 266659, at *1 (finding $260, $330, and $375 per hour reasonable); *Long*, 2014 WL 12787911, at *3 (finding $250 per hour reasonable); *Hall*, 2021 WL 214693, at *4 (finding $275 per hour reasonable). The Court finds this higher rate appropriate in light of the complexity of this case and the considerable expertise of Plaintiffs' counsel in wage-hour litigation. Having determined that 13.6 hours at a rate of $425.00 per hour is reasonable, the Court orders EVO's counsel to pay Plaintiffs $5,780 in reasonable expenses.

## CONCLUSION

For the foregoing reasons, the Court finds that EVO's failure to supplement its discovery responses by the Court's July 14, 2025, deadline was not substantially justified and that an award of fees is not unjust under the circumstances. The Court, however, quashes its October 6, 2025, order to show cause. EVO's counsel, the Rodey Law Firm, shall pay Plaintiffs' expenses in litigating its second motion to compel in the amount of **$5,780** within 30 days of the date this order is entered.

IT IS SO ORDERED.

Laura Fashing
U.S. Magistrate Judge

14