IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN VARGO et al.,

        Plaintiffs,

v.                                         No. 1:24-cv-00301-SMD-LF

EVO TRANSPORTATION & ENERGY
SERVICES, INC. et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Amended Motion to Withdraw as Counsel for Defendants (Doc. 98) filed by Meghan D. Stanford; Melissa M. Christian; and the law firm of Rodey, Dickason, Sloan, Akin & Robb, P.A. (collectively, "Rodey").  Rodey is counsel of record for the two defendants in this matter, EVO Transportation & Energy Services, Inc. and EVO Services Group, LLC (collectively, "EVO").  Rodey argues it should be permitted to withdraw as counsel for EVO because EVO has failed to pay an outstanding bill of over $150,000 and because the withdrawal will not significantly interfere with the case's schedule.  Doc. 98 ¶¶ 3–4, 6.  EVO does not oppose the motion.  *Id.* ¶ 9.  Plaintiffs ask the Court to deny the motion without prejudice and permit Rodey to refile the motion once EVO has responded to Plaintiffs' pending motion for class certification and after substitute counsel for EVO has appeared in the case.  Doc. 100 at 2.  For the following reasons, the Court GRANTS the motion and permits Rodey to withdraw as counsel for EVO.

## BACKGROUND

The instant case is a putative class action removed from New Mexico state court under this Court's diversity jurisdiction on March 27, 2024.  *See* Doc. 1.  Plaintiffs are New Mexico

truck drivers who allege that EVO failed to pay them overtime wages, in violation of the New Mexico Minimum Wage Act. Doc. 1 at 1–2. Upon removal of the case to federal court, EVO was represented by Eric Loman and Meghan Stanford of the law firm Jackson Loman Stanford Downey & Stevens-Block, P.C. *See* Doc. 1 at 1. On August 20, 2024, Mr. Loman filed an unopposed motion to withdraw as counsel because Ms. Stanford had begun working at Rodey and would continue to represent EVO at Rodey. Doc. 22 at 1. The Court allowed Mr. Loman to withdraw as counsel and for Rodey to represent EVO; Rodey has represented EVO in this matter since. Doc. 23.

Rodey now moves to withdraw from representing EVO. Rodey asserts that EVO owes it an outstanding bill of over $150,000, despite Rodey repeatedly extending payment deadlines and accepting partial payments. Doc. 98 ¶ 3. Rodey argues that EVO's "failure to fulfill its obligations to its counsel has resulted in an unreasonable financial burden and created a conflict of interest between EVO and its counsel." *Id.* ¶ 4. Rodey states that it gave EVO "reasonable warning that it must withdraw unless the obligation is fulfilled," and that it has "taken steps to protect EVO's interests in this case by responding to pending orders." *Id.* ¶¶ 3, 7. Rodey requests that the Court stay the case for twenty days to allow EVO to obtain new counsel. *Id.* ¶ 7. EVO does not oppose Rodey's withdrawal. *Id.* ¶ 9.

Plaintiffs oppose[1] Rodey's withdrawal, arguing that no good cause exists and that withdrawal "would impermissibly disrupt and delay the case." Doc. 100 at 1. Plaintiffs argue that Rodey "should not exit the case until Defendants have responded to Plaintiffs' [class] certification motion" because Rodey "litigated all of the class discovery in this case." *Id.* at 1–2.

---

[1] At a hearing in December, Plaintiffs represented that they did not oppose Rodey's withdrawal so long as substitute counsel entered an appearance. Doc. 115 at 2. Despite EVO's representations at the hearing in December, substitute counsel has not yet entered an appearance.

Plaintiffs also assert that Rodey's withdrawal will leave EVO without representation amidst a forthcoming sanctions petition and any further proceedings that relate to the Court's October 6, 2025, order for EVO to show cause for failure to comply with prior discovery orders. *Id.* at 2; *see* Doc. 86 (order to show cause). Plaintiffs further argue that withdrawal "will cause significant logistical and administrative issues" because "corporations cannot represent themselves *pro se*, and no substitute counsel has appeared on Defendants' behalf." *Id.* Plaintiffs propose that the Court deny Rodey's motion without prejudice but allow Rodey to refile it after EVO responds to the motion for class certification and after substitute counsel for EVO has appeared in the case. *Id.* at 9–10.

On November 17, 2025, EVO filed its response to Plaintiffs' motion for class certification, *see* Doc. 108, and briefing was completed on that motion on December 5, 2025, *see* Docs. 110, 112. The Court also just issued its order on Plaintiffs' affidavit of reasonable expenses and its October 6, 2025, order to show cause. *See* Doc. 121.

## ANALYSIS

### I.    Procedural requirements for a motion to withdraw as counsel.

Procedurally, a motion to withdraw as counsel is governed by the District of New Mexico's Local Rules ("Local Rules"), which impose different requirements depending on whether the motion is contested and whether the client is an individual or a business entity. *See* D.N.M.LR-Civ. 83.8. When a motion to withdraw is contested, the "attorney must file and serve on all parties, including the client, a motion to withdraw," and include "notice in the motion that objections must be served and filed within fourteen (14) days from [the] date of service of the motion and that failure to object within this time constitutes consent to grant the motion." D.N.M.LR-Civ. 83.8(b). Further, when an attorney seeks to withdraw from representing a

3

corporation, partnership, or other business entity, the motion must provide notice that the client

can appear only with an attorney.  D.N.M.LR-Civ. 83(c). Without the appearance of new counsel,

any filings made by the client "may be stricken and default judgment or other sanctions

imposed."  *Id.*

Rodey filed its amended motion to withdraw on November 12, 2025.  *See* Doc. 98.  The

motion included a notice regarding EVO's time to object, and Rodey states that EVO does not

oppose the motion.  *Id.* ¶ 9; *see* D.N.M.LR-Civ. 83.8(a)–(b).  The motion was served on all

parties electronically through the Court's electronic filing system and on representatives of EVO

through email.  Doc. 98 at 4.  Because Defendants are business entities, the motion also provided

notice that they are unable to appear in this matter unless they are represented by an attorney, and

Rodey independently informed EVO of this requirement.  Doc. 98 ¶ 10; *see* D.N.M.LR-Civ.

83.8(c).  Rodey's amended motion is therefore procedurally sufficient.

## II.    Substantive requirements for a motion to withdraw as counsel.

The Court has wide discretion to grant or deny an attorney's motion to withdraw from

representation in a civil case.  *See Abell v. Babbitt*, 176 F.3d 488, 1999 WL 215403, at *2 (10th

Cir. 1999) (unpublished table decision) ("The grant or denial of an attorney's motion to withdraw

in a civil case is a matter addressed to the discretion of the trial court and will be reversed on

appeal only when the trial court has abused its discretion.") (quoting *Washington v. Sherwin Real

Est., Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982))).[2]  In exercising discretion on these matters,

---

[2] Citations to published authority are preferred, but unpublished opinions may serve as
persuasive authority.  10th Cir. R. 32.1(A).  The parties did not cite to published authority from
the Tenth Circuit on this point, nor has the Court found such authority.  *See Rehburg v. Bob
Hubbard Horse Transp., Inc.*, No. 1:18-CV-00531-MV-JHR, 2019 WL 1281857, at *3 (D.N.M.
Mar. 20, 2019) (noting that the "Tenth Circuit Court of Appeals does not have clear precedent for
substantive consideration of an attorney's motion to withdraw," but that courts in the District of
New Mexico have applied *Abell* when ruling on motions to withdraw).

judges in this District have referred to the New Mexico Rules of Professional Conduct

("NMRPC") and the American Bar Association Model Rules of Professional Conduct ("ABA

Model Rules") for guidance. *See, e.g.*, *Haskew v. Southwest Airlines Co.*, No. 1:19-cv-00732-

JAP-LF, 2020 WL 3893048, at *1 (D.N.M. July 10, 2020); *Leaton v. Navajo Refinery*, 1:09-cv-

00382-WPL-CG, 2011 WL 13262486, at *1 (D.N.M. Feb. 24, 2011). Indeed, the Local Rules

provide that the "Rules of Professional Conduct adopted by the Supreme Court of the State of

New Mexico apply except as otherwise provided by local rule or by Court order." D.N.M.LR-

Civ. 83.9.

New Mexico Rule of Professional Conduct 16-116 provides that a lawyer may withdraw

from representing a client if "the client fails substantially to fulfill an obligation to the lawyer

regarding the lawyer's services and has been given reasonable warning that the lawyer will

withdraw unless the obligation is fulfilled," or if "the representation will result in an

unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the

client." NMRA, Rule 16-116(B)(5)–(6). The committee commentary to the rule explains that

"[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to

the representation, such as an agreement concerning fees or court costs." NMRA, Rule 16-116

committee cmt. ¶ 8. If withdrawal is permitted, the rule requires the lawyer to "take steps to the

extent reasonably practicable to protect a client's interests, such as giving reasonable notice to

the client" and "allowing time for employment of other counsel." NMRA, Rule 16-116(D). The

ABA Model Rules and comments use identical language. *See* ABA Model Rules of Prof.

Conduct, Rule 1.16(b)(5)–(6), (d), cmt. ¶ 8 (available at

https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_pr

ofessional_conduct/rule_1_16_declining_or_terminating_representation/) (last visited 4/17/2026).

Judges in this District previously have found that clients' failure to pay their attorneys during the course of representation constitutes good cause for those attorneys to withdraw from the representation. In *McGuire-Pike v. Ameri-Ck, Inc.*, for example, the court permitted counsel for the defendant corporation to withdraw over the plaintiffs' objection after reasoning that the defendant's "apparent reason for firing its attorneys—that it is bankrupt and can no longer afford them—is a reasonable basis for withdrawal." No. 1:04-cv-00705-JB-ACT, 2005 WL 3663692, at *3 (D.N.M. Sep. 22, 2005). In *McGuire-Pike*, the plaintiffs argued that the withdrawal was a bad faith attempt to delay resolution of the case, but the court concluded that it could "mitigate any delay resulting from the attorneys' withdrawal" with "scheduling and monitoring of the case." *Id.* Similarly, in *Strobel v. Rusch*, an attorney was permitted to withdraw from representing clients who owed him $100,000 in fees and out-of-pocket costs. No. 1:18-cv-00656-RB-JFR, 2020 WL 7318013, at *2–*3 (D.N.M. Dec. 11, 2020). While the motion was filed three months before trial was set to begin, the court found the amount the clients owed their attorney to be significant even before considering the funding that would be necessary to take the case to trial. *Id.* at *1–2. While the clients had a "strong countervailing interest—fairness," the court noted that the clients did not oppose the attorney's withdrawal. *Id.* at *2. The court also reasoned that the clients, who were individuals and not corporations, could continue through the case pro se. *Id.*

Even in a criminal matter, where nonpayment of legal fees alone is not usually sufficient to permit withdrawal of counsel, a judge in this District has permitted withdrawal on that basis. *See Untied States v. Wickens*, No. 1:11-cr-00076-JAP, 2011 WL 13284456, at *2 (D.N.M. Sept.

6

16, 2011) ("Other federal courts considering this issue have concluded that non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation.") (quotation modified).  In *Wickens*, the defense attorney moved, over the government's objections, to withdraw from the representation after the defendant failed to pay approximately $68,000 in legal expenses.  2011 WL 13284456, at *1.  The court noted that, especially in the context of a criminal case, allowing the attorney to withdraw "would prejudice [the defendant], the interests of justice, and judicial economy," but the court nonetheless was "sympathetic to the burden that continued representation will place" on the attorney and his firm. *Id.* at *2–*3.  The court found the lack of payment sufficient to justify withdrawal, but given the policy concerns specific to criminal cases and the attorney's familiarity with the factually intensive case, the court only permitted withdrawal on the condition that an attorney be appointed to represent the defendant pursuant to the Criminal Justice Act.  *Id.* at 3.

Plaintiffs cite an opinion from this District that briefly discusses how the court previously denied an attorney's motion to withdraw from representing a corporation because of that corporation's failure to pay attorney's fees.  Doc. 100 at 8–9 (citing *Abbasid, Inc. v. Travelers Indem. Co.*, No. 1:07-cv-01006-WJ-LFG, 2009 WL 10664923, at *2 (D.N.M. Dec. 7, 2009)). The court denied the motion simply because the withdrawal would have left the client, a corporation, without counsel and unable to appear in the case.  *Abbasid, Inc.*, 2009 WL 10664923, at *2.  But the court indicated that the attorney would be allowed to withdraw once the client obtained substitute counsel.  *Id.*  Further, Plaintiffs attempt to distinguish *Strobel* on the grounds that the opinion relied on authority permitting withdrawal where attorneys would not be able to absorb the enormous expense of continued litigation.  Doc. 100 at 5–6 (citing 2020 WL 7318013, at *2).  Plaintiffs argue that "Rodey can afford to temporarily remain counsel for

Defendants" because its website states that it is one of New Mexico's largest firms and that it employs almost sixty attorneys. *Id.* at *6.

While Plaintiffs are correct that the Court has discretion to deny Rodey's withdrawal until EVO has secured substitute counsel, the facts here support permitting Rodey to withdraw immediately. Regarding Plaintiffs' argument that Rodey is financially able to weather future expenses in this matter; the available case law does not require the Court to parse through Rodey's finances to determine whether it is able to absorb further expenses. In *McGuire-Pike*, it was sufficient for the attorneys to allege that the corporation was bankrupt and could no longer afford further legal fees. 2005 WL 3663692, at *3. In *Strobel*, the attorney simply alleged that his client owed him $100,000, which the Court determined to be "significant" and supported granting the motion "on compensation grounds alone." 2020 WL 7318013, at *1–2 (noting that, while the court "does not know Defendants' financial situation," the court "does recognize the problems a client's failure to pay may cause their attorney"). Here, Rodey alleges that EVO owes it an even greater amount—over $150,000. Doc. 98 ¶ 3. And while the courts in both *McGuire-Pike* and *Strobel* recognized that allowing withdrawal would cause delay, the courts noted the clients' consent to the withdrawal and described methods of ameliorating any interference. *McGuire-Pike*, 2005 WL 3663692, at *2–3; *Strobel*, 2020 WL 7318013, at *2. The *Strobel* court reasoned that the case could proceed after withdrawal because the clients could proceed pro se, which is not possible here given that Defendants are corporations. 2020 WL 7318013, at *2. However, the *McGuire-Pike* court found that any delay caused by attorneys' withdrawal from representation of a corporation could be mitigated through "scheduling and monitoring of the case." 2005 WL 3663692, at *3.

A key point of Plaintiffs' argument against Rodey's withdrawal is that, at the time the motion and response were filed, EVO's response to Plaintiff's motion for class certification was pending. Doc. 100 at 7. Plaintiffs understandably were concerned that Rodey's withdrawal would delay briefing on their class certification motion, which would in turn cause cascading delays throughout the remainder of the case. *Id.* at 7–8. However, EVO has since timely filed its response to Plaintiffs' class certification motion, *see* Doc. 108, mooting Plaintiffs' concerns. The Court also just ruled on its October 6, 2025, order to show cause and Plaintiffs' fee affidavit related to EVO's failure to comply with a discovery order. Any further delay caused by Rodey's withdraw can be mitigated through the Court's strict scheduling and monitoring of this case. EVO has been warned that it cannot proceed in this matter without counsel, and EVO was informed that it could oppose Rodey's withdrawal. Doc. 98 ¶¶ 9–10. Yet EVO chose not to oppose the motion. *Id.* ¶ 9. The Court therefore will allow Rodey to withdraw from this matter and will permit EVO 30 days to procure new counsel.[3] If EVO does not secure new counsel within that timeframe, any documents it files "may be stricken and default judgment or other sanctions [may be] imposed" against it. *See* D.N.M.LR-Civ 83.8(c).

---

[3] A representative from EVO was present at the hearing on December 18, 2025, and stated that EVO would have new counsel within a week. Doc. 115 at 2. New counsel has not entered an appearance.

**CONCLUSION**

For the foregoing reasons, Rodey's motion to withdraw as counsel for Defendants (Doc. 98) is GRANTED.  EVO will have thirty (30) days from the entry of this order to procure new counsel in this matter.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge

10