**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**STEVEN VARGO, et al.,**

**Plaintiffs,**

**v.** **No. 1:24-cv-00301-SMD-LF**

**EVO TRANSPORTATION & ENERGY SERVICES, INC., and EVO SERVICES GROUP, LLC,**

**Defendants.**

**ORDER ON MOTION FOR CLASS CERTIFICATION**

This matter comes before the Court on Plaintiffs' Motion for Class Certification (Doc. 90). The Court has reviewed the parties' briefs, the record, and the applicable law, and for the reasons below, Plaintiffs' Motion is GRANTED IN PART as set forth in this Order.

**FACTUAL BACKGROUND**

The following facts are based on the allegations in Plaintiffs' complaint and the evidentiary record adduced in support of the class certification briefing. *See* Doc. 1-3; Doc. 90; Doc. 108; Doc. 110. Plaintiffs are New Mexico residents who worked as truck drivers for Defendants EVO Transportation & Energy Services, Inc. ("EVO Transportation") and EVO Services Group, LLC ("EVO Services") ("Defendants").

Named Plaintiff Steven Vargo ("Vargo") worked for Defendants from approximately October 2022 to September 2023. Doc. 1-3 ¶ 18. Vargo was paid an hourly rate of $28.50 for work he performed for Defendants. *Id.* ¶ 29. Plaintiffs allege that Vargo was paid his regular rate for all the time worked and was not paid any overtime compensation. *Id.* ¶¶ 32–33.

Plaintiff Damian Vasquez ("Vasquez") worked for Defendants from October 2022 to

October 2023. *Id.* ¶ 19. Plaintiff Candice Cooke ("Cooke") worked for Defendants from January 2021 to September 2023. *Id.* ¶ 20. Plaintiff David Diener ("Diener") worked for Defendants from October 2022 to October 2023. *Id.* ¶ 21. Plaintiff Anthony Gutierrez ("Gutierrez") worked for Defendants from January 2023 to October 2023. *Id.* ¶ 22. Vargo, Vasquez, Cooke, Diener, and Gutierrez all were assigned routes on Contract No. 274Y3. Doc. 90-3 at 4. Like Vargo, Vasquez, Cooke, Diener, and Gutierrez were paid an hourly rate, and were not paid overtime compensation when they worked over 40 hours in one or more individual work weeks. Doc. 1-3 ¶¶ 31–32.

Plaintiffs assert that all members of the proposed class are New Mexico residents who drove routes that went partially through New Mexico. Doc. 90 at 1. EVO Transportation set Plaintiffs' compensation and that EVO Services paid Plaintiffs their weekly compensation. Doc. 1-3 ¶¶ 23–25. Plaintiffs initially alleged that Vargo, Vasquez, Cooke, Diener, and Gutierrez each drove a daily route that required them to work for more than 40 hours each week within the state of New Mexico. *Id.* ¶ 26. Defendants deny that any driver running its routes through New Mexico worked over 40 hours each week *within* the state of New Mexico. Doc. 90-1 at 8. However, Plaintiffs maintain that time spent driving outside New Mexico should count for purposes of calculating overtime compensation, and seek to recover unpaid overtime wages under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19. Doc. 90 at 1; *see* Doc. 110 at 4–5.

Plaintiffs now seek certification under Rule 23 of the following proposed class:

> All hourly employees who, during the Relevant Period, worked over forty hours in at least one workweek while driving a New Mexico route for EVO Transportation & Energy Services, Inc. and/or EVO Services Group, LLC.

Doc. 90 at 2. Plaintiffs define "New Mexico route" as any route that went through New Mexico,

even if it did not occur entirely within New Mexico. *Id.* Plaintiffs define "Relevant Period" as June 1, 2021 through the present. *Id.*

The Court begins by noting minor inconsistencies in the proposed class—particularly between how the parties used the term "New Mexico drivers" in class discovery and how the parties interpret the same term in the class certification briefing. Defendants purport to limit their written discovery responses to "employed drivers who are New Mexico residents and who have performed work in the State of New Mexico." Doc. 90-1 at 4. Subject to that limitation, Defendants identified 67 New Mexico drivers, 48 of whom worked more than 40 hours in an individual work week at some point since June 1, 2021. Doc. 90-1 at 5, 8. Defendants also admit that their business records identified "more than 40 hourly-paid Drivers" with a home address or permanent residence address in New Mexico. *See* Doc. 90-6 at 4–5. Citing these written responses, Plaintiffs aver that all 67 of the "New Mexico drivers"—and therefore all 47 of the proposed class members—are New Mexico residents. Doc. 90 at 3. In other instances, however, the parties appear to use "New Mexico drivers" only to mean drivers "who drove routes that were at least partially in the state of New Mexico," not necessarily limited to New Mexico residents. *See* Doc. 90-2 at 3 (Vargo 30(b)(6) Deposition) ("I'm going to refer to drivers who were employed by defendants and who drove routes that were at least partially in the state of New Mexico. I'm going to refer to those drivers just as New Mexico drivers or as drivers."). The definition of the "Relevant Time Period" has also shifted since the beginning of class discovery, from "between 2009 and the present" to "between period beginning June 1, 2021 to present." *See* Doc. 90-1 at 4–5, 8.

The Court finds that the following definition, with clarifications based on Plaintiffs'

representations and supported by class discovery, to be appropriate:

> All New Mexico residents who, between June 1, 2021 and the present, were hourly employees of EVO Transportation & Energy Services, Inc. and/or EVO Services Group, LLC, and worked over 40 hours in at least one workweek while driving a route that went through New Mexico.

For the reasons that follow, the Court further finds this class definition meets the requirements of Rule 23.

## LEGAL STANDARD

To obtain class certification under Rule 23, Plaintiffs must meet each of the following elements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a). Courts accept a plaintiff's substantive allegations as true, but "need not blindly rely on conclusory allegations of the complaint which parrot Rule 23." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010). The Court must conduct its own rigorous analysis to determine whether the class meets the elements under a preponderance of the evidence standard. *Vallario v. Vandehey*, 554 F.3d 1259, 1266–67 (10th Cir. 2009). The Court may consider the merits "to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013); *Vallario*, 554 F.3d at 1267. Plaintiffs seeking class certification also must meet at least one of the three provisions under Rule 23(b).

## DISCUSSION

Certification is proper only "if the trial court is satisfied that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351–52 (2011). As the moving party, Plaintiffs must show that class certification is appropriate by a preponderance of the evidence. *Id.* at 345–47. The Court now turns to discuss all four requirements for class

certification under Rule 23(a), as well as the requirements of predominance and superiority under Rule 23(b)(3).

### A. Requirements Under Rule 23(a)

#### a. Numerosity

To maintain a class action, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity asks whether "the class is so numerous that joinder of all members is impracticable." *Id.* There is, however, no set formula to determine if the class is so numerous that it should be certified. *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir. 1978).

Plaintiffs assert that the proposed class contains at least 47 individuals.[1] Doc. 90 at 3. While there is no strict numerosity threshold, a class of over 40 members raises a presumption of impracticability. *See, e.g.*, *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017) ("While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement."); *Ar. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763 (8th Cir. 1971) (certifying class of seventeen to twenty members). Plaintiffs point to several decisions in this District recognizing "classes smaller than, or comparable to, a forty-seven-member class can satisfy the numerosity requirement." Doc. 90 at 10 (citing *Felps v. Mewbourne*

---

[1] While Defendants do not challenge the estimated class size, the competing definitions of "New Mexico drivers" could create discrepancies in the asserted number of class members and the record. Although the parties do not dispute that an estimated class of 47 members is sufficiently numerous, the Court notes that class certification decisions are interlocutory and subject to revision by the Court at any time prior to final judgment. Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (describing class certification orders as "inherently tentative.").

*Oil Co., Inc.*, 336 F.R.D. 664, 670 (D.N.M. 2020); *Kiowa Ass'n v. King*, No. 09-cv-00467, 2010 WL 11596626, at *9 (D.N.M. Mar. 31, 2010); *Deakin v. Magellan Health, Inc.*, No. 1:17-cv-00773, 2024 WL 3829737, at *4 (D.N.M. Aug. 14, 2024)). Defendants do not dispute Plaintiffs' estimate of class size or that the proposed class meets the numerosity requirement. The Court finds that a class of 47 individuals is sufficiently numerous under Rule 23.

**b. Commonality**

Commonality requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A question is common to the class if it generates a common answer, such that determination of the question will "resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. Despite the rigor of the Rule 23 requirements, commonality has never been understood to require that all issues must be identical as to each member, but rather requires that plaintiffs identify some unifying thread among the members' claims that warrants class treatment. *Jacob v. Duane Reade, Inc.*, 289 F.R.D. 408, 414 (S.D.N.Y. 2013). While Rule 23(a)(2) requires a plaintiff to do more than merely identify a common contention, the commonality requirement itself is not an onerous one. *See Naylor Farms, Inc. v. Chaparral Energy, LLC*, 923 F.3d 779, 789 (10th Cir. 2019); *Georgine v. Amchem Prods., Inc.,* 83 F.3d 610, 626–627 (3d Cir. 1996) (recognizing that the less stringent test of commonality is subsumed by the more stringent predominance requirement). Generally, where defendants have engaged in standardized conduct towards members of the proposed class, common questions of law and fact exist.

Here, Plaintiffs assert that three common questions drive the resolution of their claims: (1) whether, as a matter of fact, Defendants failed to pay class members an overtime rate for

overtime hours; (2) whether, as a matter of law, New Mexico drivers' time spent working outside of New Mexico is compensable under the NMMWA's overtime provision; and (3) whether class members qualified as Defendants' "employees" within the meaning of the NMMWA. Defendants respond that some members of the proposed class may be exempt and therefore not "employees" under the NMMWA.

Courts routinely reject the argument that commonality is defeated by individualized questions regarding the number of hours worked and how much each employee was entitled to be paid. *E.g.*, *Felps v. Mewbourne Oil Co., Inc.*, 336 F.R.D. 664, 672 (D.N.M. 2020); *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 184 (S.D. Ohio 2012); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y 2012) (collecting cases). Differences as to the number of hours worked, the type of work performed, and the amount of pay received by class members concern the amount of damages "if and when liability is found, not the amenability of plaintiffs' claims to the class action form." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 127 (S.D.N.Y. 2012). In the context of cases that challenge employment policies, courts considering whether a proposed class satisfies the commonality requirement must [ ] examine whether the challenged policy is common to the class as a whole, and whether the proposed class members share similar job duties." *Gandy v. RWLS, LLC*, No. 17-cv-558, 2019 WL 1407214, at *6 (D.N.M. Mar. 28, 2019).

Plaintiffs allege that the proposed class members worked over 40 hours a week driving routes that traveled through New Mexico, and that they were not paid overtime. Plaintiffs contend that their claims under the NMMWA are capable of class-wide resolution, because Defendants employed uniform wage policies that applied to all class members—*i.e.*, Defendants did not pay overtime rates for hours worked over 40 hours in one work week. Doc. 90 at 12–13; *see also* Doc.

90-1 at 10 ("Interrogatory No. 5: Of the Drivers identified in Defendants' answer to Interrogatory No. 1, how many were paid one and one-half times their regular rate of pay for the time they worked in excess of 40 hours in at least one individual workweek of seven days? Answer: None. […] Upon information and belief, EVO's drivers are entitled to overtime pay only with respect to work they performed in New Mexico[.]).

To establish liability, each driver would need to show that they were entitled to overtime compensation based on the total number of hours worked, not solely the hours spent driving in New Mexico. If drivers are entitled to include hours worked outside of New Mexico when calculating overtime hours, then all members of the proposed class are entitled to overtime compensation. If drivers are not entitled to include hours worked outside of New Mexico when calculating overtime hours, then no member of the proposed class is entitled to overtime compensation.[2] Commonality requires only a single issue common to the class, and the Court agrees that whether the NMMWA compensates out-of-state time is a legal question that can be resolved on a class-wide basis, and that any individualized damages determinations do not defeat certification.

As to the other common questions asserted by Plaintiffs, Defendants argue that the issue of whether class members qualified as Defendants' "employees" within the meaning of the NMMWA cannot serve as the basis of commonality because it is "functionally the same as [] whether employees were exempt from the NMMWA"; and that the issue of whether Defendants failed to pay employees overtime pay for hours worked in excess of 40 hours per week likewise

[2] Although Plaintiffs initially alleged that they each worked over 40 hours driving within New Mexico, the parties now appear to agree that none of drivers drove over 40 hours within a single seven-day work week within New Mexico.

cannot be the basis of commonality because it is "predicated on an 'employee' status.'" Doc. 108 at 7. Defendants point to one member of the proposed class—Jacob Soto—who "created schedules, determined route assignments, and assisted in resolving problems arising on behalf of other drivers," as a supervisor under the NMMWA. *Id.* Plaintiffs counter that the supervisor exemption looks to an employee's "primary" job duties, and that like other class members, Soto spent the majority of his time driving. Doc. 110 at 7. The supervisor exemption defense either affects Soto and putative class members equally—and therefore does not defeat commonality—or it applies only to Soto—and therefore would be resolved by amending the class definition to exclude Soto, the only Lead Driver in the proposed class. *Id.* at 8–10. Defendants do not identify any other members of the proposed class who might be subject to an exemption defense.

The Court finds that the Plaintiffs have demonstrated commonality.

**c. Typicality**

The third element of Rule 23(a) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Typicality requires that the named plaintiffs' claims arise from the same event or practice or course of conduct that gives rise to the claims of other class members and are based on the same legal theory. Typicality is closely related to commonality, but requires enough "congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011).

Plaintiffs assert that typicality exists because their and the class members' claims arise from Defendants refusing to pay them overtime wages. Doc. 90 at 14. Defendants argue that

Plaintiffs cannot meet the requirement of typicality for the same reasons that they cannot meet the requirement of commonality: (1) certain members of the proposed class are "potentially exempt"; and (2) Plaintiffs' working conditions are not typical of everyone in the class, and in particular, that none of the named Plaintiffs worked under Contract No. 793L7, requiring individualized review or routes depending on contract and daily assignment. Doc. 108 at 9.

As with commonality, different fact situations of class members do not defeat typicality so long as the claims of the class representative and class members are based on the same legal or remedial theory. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). For the reasons above, Defendants' assertion that some members of the proposed class are *potentially* exempt, without more, is insufficient to prevent certification. And whether the members of the proposed class worked under Contract No. 793L7 or Contract No. 274Y3, Plaintiffs allege that (1) they were "employees" of Defendants within the meaning of the NMMWA; (2) they worked more than 40 hours per week; and (3) they were not paid overtime. The record before the Court demonstrates the members of the proposed class, whether working under Contract No. 793L7 or Contract No. 274Y3, drove routes that traveled both inside and outside New Mexico. All members of the proposed class are residents of New Mexico.[3] As Defendants themselves point out, none of the members drove over 40 hours in a single seven-day work week within New Mexico alone.

The Court finds that the Named Plaintiff's claims are representative of the class.

**d. Adequacy**

The adequacy requirement under Rule 23(a)(4) has two parts: whether the named plaintiff and their counsel have any conflicts with the other proposed class members; and whether the

[3] Doc. 90 at 13; *see* Doc. 90-1 at 4, 8 (limiting response to employed drivers who are New Mexico residents).

named plaintiff and their counsel will vigorously prosecute the action on behalf of the class.

Named Plaintiff Steven Vargo worked as a driver for Defendants from approximately October 2022 to September 2023. Doc. 1-3 ¶ 18. Vargo was assigned to drive the route between Albuquerque and Vega, TX for Contract No. 274Y3. *See* Doc. 90-5 at 6. Approximately 86% of this route took place in New Mexico; approximately 14% of this route took place in Texas. Doc. 90-3 at 4.

Plaintiffs allege that Vargo was paid his regular rate for all the time worked and was not paid any overtime compensation. Doc. 1-3 ¶¶ 32–33. Defendants point to one member of the proposed class who was a lead driver. As discussed above, Defendants have not shown that this individual was exempt as a supervisor under the NMMWA, and even if they had, this individual is not seeking appointment as a class representative.

There do not appear to be any particular conflicts of interest between Vargo and the putative class, or on the part of Plaintiffs' counsel.

**B. Requirements Under Rule 23(b)**

Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Predominance is meant to test whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (2013). While only one common issue is required to satisfy the predominance requirement under Rule 23(b)(3), Plaintiffs assert that multiple common issues predominate: whether Defendants paid class members overtime rates for overtime hours; whether the NMMWA

compensates time spent driving outside of New Mexico; and whether class members qualified as "employees" within the meaning of the NMMWA. Doc. 90 at 18–19. Plaintiffs also propose a common class-wide method for calculating individual damages.[4] The Court finds that the question of whether the NMMWA compensates time spent driving outside of New Mexico predominates.

Rule 23(b)(3) also requires that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy" and sets forth the following non-exhaustive list of factors: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 915 (10th Cir. 2018). Plaintiffs contend that each of these factors weigh in favor of certification. Doc. 90 at 21. Defendants counter that the suit "consists of individual questions pertaining to exemption status and compensability of overtime spread across multiple states." Doc. 108 at 13. As to potential individual questions, the existence of *any* individual questions does not preclude certification, where the common issues predominate. Moreover, while issues of exemption may affect certification, Defendants have not demonstrated that any of the class members *are* exempt under the NMMWA. Defendants have only pointed to one member of the proposed class with a different job title; they have not shown that the individual spent "less than twenty percent" of his time on truck driving to support a supervisor exemption

[4] The proposed class-wide method calculates damages by (1) establishing drivers' "Regular Rate" of pay under the NMMWA; (2) subtracting 40 from the driver's total hours to determine their "Overtime Hours" for the week; (3) multiplying the Overtime Hours by half the Regular Rate to calculate the driver's "Owed Overtime" for the week, see NMSA § 50-4-22(D); (4) multiplying the Owed Overtime by two to calculate the driver's "Statutory Damages" for the week, see NMSA § 50-4 26(C); and (5) adding the Owed Overtime to Statutory Damages to compute final damages for the week.

under the NMMWA. Defendants likewise have not pointed to any individualized inquiries required to resolve the question compensability of overtime outside of New Mexico.

A class action is a superior method for resolving this wage dispute. The potential class members are unlikely to bring individual claims due to the relatively low monetary amounts involved. *See Amchem Prods.*, 521 U.S. at 617; *Menocal*, 882 F.3d at 915. And in light of the common questions discussed above, class treatment would promote efficiency and uniformity of decision as to the drivers' claims under the NMMWA.

**C. Adequacy of Counsel Under Rule 23(g)**

Rule 23(g) requires courts to appoint class counsel who will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B), (g)(4). Rule 23(g)(1)(A) directs courts to consider four factors: work counsel has done identifying or investigating potential claims; counsel's experience in handling class actions, complex litigation, and the types of claims asserted, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. Courts also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs point to their attorneys' "extensive experience in class litigation focused on overtime wages," including "obtain[ing] class certification in over one hundred cases, and recover[ing] over $400 million on behalf of their clients." Doc. 90 at 17; *see also* Doc. 90-21 (Declaration of Douglas M. Werman). Defendants do not challenge Plaintiffs' attorneys' qualifications to be class counsel, or otherwise argue that Plaintiffs' attorneys do not satisfy the requirements of Rule 23(g).

The Court has considered the Rule 23(g) factors and the Declaration of Douglas M.

Werman (*see* Doc. 90-21), and finds that Plaintiffs' attorneys, Werman Salas, are adequate under Rule 23(g)(1) and (4).

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' Motion for Class Certification is granted in part consistent with this Order;

2. The following class is certified:

   All New Mexico residents who, between June 1, 2021 and the present, were hourly employees of EVO Transportation & Energy Services, Inc. and/or EVO Services Group, LLC, and worked over 40 hours in at least one workweek while driving a route that went through New Mexico.

3. Werman Salas is appointed as class counsel.

IT IS SO ORDERED.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**